GREGORIO RIVERA, Plaintiff and Appellee, *v.* JOSÉ RAMÓN QUIÑONES, Defendant and Appellant.

No. 9991. Argued July 5, 1949.—Decided July 21, 1949.

298

*Carlos D. Vázquez* and *Arnaldo P. Cabrera* for appellant. *Ramón Cancio* and *Joaquín Gallart Mendía,* Counsel for the Department of Labor and for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

This is a claim for wages under Act No. 10 of November 14, 1917. After filing an appeal in this Court, defendant filed a motion asking us to set a date for a trial *de novo.* He invokes § 1 of the Act referred to as amended by Act No. 17 of 1945, which, in its pertinent part, provides:

"Against judgments rendered by district courts, in cases of original jurisdiction, appeals may be filed with the Supreme Court of Puerto Rico, following the same procedure fixed in this Act for appeals taken from municipal courts to district courts. The Supreme Court shall fix, outside of the general docket, the date for the hearing of such appeals."

 It is true that the paragraph above quoted provides that appeals filed before the Supreme Court shall follow "the same procedure fixed in this Act for appeals taken from municipal courts to district courts". Should we, by any chance, interpret this provision in the sense that the Supreme Court must hold a trial *de novo* like the one the parties already had in the district court? The reason for granting a trial *de novo* on appeal before the district courts is because municipal courts are not courts of record, and if the trial *de novo* were not held in the district court, there would be no available means to review the judgment of the municipal court, unless the appeal were limited to the pleadings. Laws

should be rationally construed, always keeping in mind that the legislative intent could never have been to require idle things or procedures. Undoubtedly, the quoted paragraph refers to other provisions of Act No. 10 of 1917, regulating the procedure on appeals before the district court in cases of claim for wages. Among these procedural steps we find: (1) the filing of the notice of appeal within five days; and (2) the sending up of the original record to the Supreme Court in case the notice of appeal has been filed with the district court, thereby accelerating all procedures in the appeal before this Court.

To hold here a trial *de novo* when a record of the trial held before the district court exists which may be sent up, as in other cases, to this Court for the purpose of the appeal, would serve no useful purpose. Besides, the holding of a trial *de novo* in this Court, would amount to assuming original jurisdiction, and it is a well-known fact that when the Legislature has intended to grant us such jurisdiction, it has done so in a clear and explicit language.

The motion for a trial *de novo* will be denied.